United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NGOC LAM CHE,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN JOSE/EVERGREEN COMMUNITY COLLEGE DISTRICT FOUNDATION, et al.,<br><br>    Defendants. | Case No. 17-cv-00381-BLF<br><br>**ORDER STRIKING MOTION TO DISMISS FOR LACK OF JURISDICTION; REQUIRING COMPLIANCE WITH GENERAL ORDER 56; DENYING PLAINTIFF'S MOTION FOR SANCTIONS; AND DENYING DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF FOR EXTENSION RE: GENERAL ORDER 56**<br><br>[Re: ECF 22, 25, 28] |

Presently before the Court is Plaintiff Ngoc Lam Che's *ex parte* application to compel Defendant Imwalle Properties, Inc. ("Imwalle")'s compliance with the Court's General Order No. 56 and motion for sanctions, Mot., ECF 25; Imwalle's opposition thereto, Opp'n, ECF 27; and Defendants' administrative motion for administrative relief for an extension of the deadline set in General Order 56, Admin. Mot., ECF 28. After reviewing the papers, the Court HEREBY ORDERS:

1.  Pursuant to General Order No. 56(2), all discovery and proceedings other than those enumerated therein are stayed until the parties complete the mediation to be conducted by the ADR Program. "Any party who wishes to be relieved of any requirement of this order . . . may file a Motion for Administrative Relief pursuant to Civil Local Rule 7-11." Gen. Order. 56(9). Here, Imwalle filed its motion to dismiss before completing mediation, yet did not ask the Court for relief from the stay imposed by General Order No. 56. Accordingly, Defendant's motion is improper, and the Court thus STRIKES Defendant's motion to dismiss WITHOUT PREJUDICE. Imwalle may resubmit its motion after completing mediation or after obtaining leave of the Court. The Court notes that it is disinclined to grant Imwalle leave to file its motion

before the parties have had an opportunity to conduct the joint site inspection required by General Order No. 56. The Court briefly reviewed the substance of Defendant's motion and finds it more properly couched as a motion for summary judgment, as it contests the merits as opposed to the pleadings. *Cf. Johnson v. SSR Grp., Inc.*, No. 15-cv-5094, 2016 WL 3669994, at *4 (N.D. Cal. July 11, 2016) (denying defendant's motion to dismiss because "the intertwined nature of the jurisdictional and substantive issues and the limited factual record here do not support deciding the ADA compliance issue before the parties have conducted appropriate discovery").

2. In order to promote the "just, speedy, and inexpensive determination" of this action, Fed. R. Civ. P. 1, and the goals of General Order No. 56, the Court ORDERS the parties to complete the joint site inspection on or before July 12, 2017, pursuant to the prior stipulation agreed upon by the parties, and abide by the other deadlines enumerated in General Order No. 56. *See* ECF 24, ECF 5 (initial case schedule).

3. The Court DENIES Plaintiff's motion for sanctions. To the extent Plaintiff incurred attorney's fees in filing her motion or otherwise, the proper recourse is to seek attorney's fees if she is ultimately successful on her claim.

4. Having stricken Defendant's motion to dismiss, the Court DENIES Defendants' motion for administrative relief to extend the deadline within which to comply with General Order No. 56.

**IT IS SO ORDERED.**

Dated: May 10, 2017

_____
BETH LABSON FREEMAN
United States District Judge

2