United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NGOC LAM CHE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOSE/EVERGREEN COMMUNITY COLLEGE DISTRICT FOUNDATION, et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-00381-BLF<br><br>**ORDER GRANTING DEFENDANT IMWALLE'S MOTION FOR ADMINISTRATIVE RELIEF; VACATING PRIOR ORDER DATED MAY 10, 2017; AND REINSTATING DEFENDANT IMWALLE'S MOTION TO DISMISS**<br><br>[Re: ECF 33] |

Plaintiff Ngoc Lam Che sues the owners and operators of a property located at 4848 San Felipe Road, San Jose, California, 95135, for violations of state and federal laws prohibiting discrimination on the basis of disability. Compl., ECF 1. Defendant San Jose/Evergreen Community College District Foundation filed an answer on March 1, 2017, and Defendant Imwalle Properties, Inc. filed a motion to dismiss for lack of subject matter jurisdiction on April 28, 2017. Answer, ECF 16; Motion, ECF 22. On May 8, 2017, Plaintiff Che filed an application to compel Defendant Imwalle's compliance with General Order 56 and for sanctions against Imwalle. Pl.'s Applic., ECF 25. General Order 56 provides for limited discovery and stays "[a]ll other discovery and proceedings" pending completion of a joint site inspection and mediation. General Order 56. Che asserted that language stay of "[a]ll other discovery and proceedings" encompasses motion practice and that Imwalle's filing of its motion to dismiss therefore violated General Order 56. Pl.'s Applic., ECF 25. The Court agreed and struck Imwalle's motion to dismiss, without prejudice, on the basis that it was not permitted under General Order 56. Order Striking Motion to Dismiss, ECF 32. The Court denied Che's request for sanctions. *Id.*

On May 19, 2017, Imwalle filed an administrative motion seeking clarification of the Court's Order Striking Motion to Dismiss. Def.'s Admin. Motion, ECF 33. Specifically, Imwalle

requests clarification as to whether General Order 56 stays its obligation to respond to the complaint pending completion of the site inspection and mediation required under General Order 56. *Id.* Imwalle states that Che has threatened to seek a Clerk's entry of default if Imwalle does not file an answer to the complaint. *Id.* Imwalle argues that it is entitled to respond to the complaint by motion, and that because the Court struck its motion to dismiss as premature, the Court should either clarify that Imwalle's obligation to respond to the complaint is stayed by General Order 56 or should enlarge Imwalle's deadline to respond until such time as the motion properly may be filed. Che has not opposed Imwalle's administrative motion and the time to file opposition has elapsed. *See* Civ. L.R. 7-11 (response to administrative motion due within four days).

Upon further review of General Order 56, the Court concludes that the language imposing a stay on "[a]ll other discovery and proceedings" does not clearly encompass the filing of an answer or motion in response to a complaint. At least one court in this district has concluded expressly that the language stays only discovery proceedings. *See Moralez v. Whole Foods Market*, 897 F. Supp. 2d 987, 993 n.2 (N.D. Cal. 2012) (holding that the cited language "plainly refers to discovery issues, and does not bar a defendant from moving to dismiss on *res judicata* grounds"). Accordingly, the Court VACATES its Order Striking Motion to Dismiss and REINSTATES Imwalle's motion.

Che's application to compel Imwalle's compliance with General Order 56 asserted that Che cannot respond to Imwalle's motion prior to the site inspection. Che's argument on that point is well-taken. Accordingly, the deadline for Che's opposition to Imwalle's motion to dismiss is extended until fourteen days after completion of the site inspection. Any reply shall be filed within seven days after the opposition is filed. The motion to dismiss will be taken under submission without oral argument unless the parties are advised otherwise by the Court.

**IT IS SO ORDERED.**

Dated: May 26, 2017

_____
BETH LABSON FREEMAN
United States District Judge

2