UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NGOC LAM CHE,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN JOSE/EVERGREEN COMMUNITY COLLEGE DISTRICT FOUNDATION, et al.,<br><br>    Defendants. | Case No. 17-cv-00381-BLF<br><br>**ORDER DENYING DEFENDANT IMWALLE'S MOTION TO DISMISS**<br><br>[Re: ECF 22] |

Before the Court is Defendant Imwalle Properties Inc.'s motion to dismiss Plaintiff Ngoc Lam Che's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Having considered the motion and the opposition filed by Che (no reply was filed), the Court concludes that the motion is appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b).

The motion is DENIED for the reasons set forth below.

**I.  BACKGROUND**

The complaint alleges the following facts:  Che is a T-6 paraplegic who requires a wheelchair at all times because he is unable to stand or walk. Compl. ¶ 8, ECF 1. He is "physically disabled" as defined by all applicable California and Federal laws. *Id.* On April 8, 2015, Che patronized the business complex at 4848 San Felipe Rd., San Jose, California 95135 ("Property"). Compl. ¶¶ 1, 9. Che uses the Property for dining and entertainment at least once a week. Compl. ¶1.

During the April 8th visit, Che encountered several barriers which interfered with his ability to use and enjoy the "goods, services, privileges and accommodation" offered by the Property. Compl. ¶10. The complaint alleges that the Property contains: improperly sized and

sloped access aisles for accessible parking spaces, improperly sized accessible parking spaces, improperly sized and sloped accessible pathways, accessible parking spaces lacking the proper tow-away signage, and improperly marked and configured access aisles. *Id*.

Che filed this action on January 25, 2017 against Defendants San Jose Evergreen Community College District ("District") and Imwalle Properties, Inc. ("Imwalle"), who are alleged to be "the owners, operators, lessors and/or lessees of the Property." Compl. ¶ 7, ECF 1. The complaint asserts two claims for disability discrimination, the first under California state law and the second under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12010 et seq. *Id.* ¶¶ 15-28. Jurisdiction is based on federal question with respect to the ADA claim and supplemental jurisdiction with respect to the state law claim. *Id.* ¶¶ 3-4.

The District answered the complaint and Imwalle filed the present motion to dismiss for lack of subject matter jurisdiction. The Court initially struck Imwalle's motion as being filed in violation of General Order 56. Order Striking Motion to Dismiss, ECF 32. However, the Court subsequently reinstated the motion and set a briefing schedule which required Che to file opposition to the motion within fourteen days after the joint site inspection. Order Granting Defendant Imwalle's Motion for Administrative Relief, ECF 34.

Following completion of the joint site inspection, the Court granted the parties' stipulated request to extend the deadline for opposition to June 16, 2017. Stipulation and Order to Extend, ECF 38. The Court previously had ordered that any reply was to be filed within seven days after the filing of the opposition. Order Granting Defendant Imwalle's Motion for Administrative Relief, ECF 34. Che timely filed opposition on June 16, 2017. Pl.'s Opp., ECF 39. Imwalle did not file a reply.

**II. LEGAL STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for a motion to dismiss based on lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S.

2

375, 377 (1994); *In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). The pleading must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't,* 236 F.3d 495, 499 (9th Cir. 2001).

A motion to dismiss for lack of subject matter jurisdiction may be either facial, or factual. *See Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. *See Wolfe,* 392 F.3d at 362; *Miranda v. Reno,* 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001); *Thornhill Publishing Co. v. General Telephone Electronics,* 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977). When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004); *Savage v. Glendale Union High School,* 343 F.3d at 1036, 1039 n. 2 (9th Cir. 2003).

Dismissal for lack of subject matter jurisdiction is "exceptional" in federal question cases and is warranted only "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Safe Air*, 373 F.3d at 1039 (internal quotation marks and citation omitted). Dismissal "is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Id.* (internal quotation marks and citation omitted). "The question of jurisdiction and the merits of an action are intertwined where a

3

statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Id.* (internal quotation marks and citation omitted).

## III. DISCUSSION

As noted above, subject matter jurisdiction is based on the federal question raised by Che's ADA claim. Since the ADA is the basis for both Che's federal jurisdiction and substantive claim for relief, the issues in this case are "intertwined." *Safe Air*, 373 F.3d at 1039-40. Thus Imwalle is entitled to dismissal only if the ADA claim appears to be asserted solely for the purpose of obtaining federal jurisdiction, or if it is insubstantial and frivolous. *See Safe Air*, 373 F.3d at 1039.

Imwalle does not suggest that the ADA claim was asserted solely to obtain federal jurisdiction. Instead, Imwalle appears to be asserting that the claim is insubstantial and frivolous because all alleged barriers to access on the Property have been remedied. Imwalle argues that "Plaintiff's ADA claim is moot, and thus Plaintiff lacks standing to bring his claim, because the property in question is currently in compliance with the ADA." Def.'s Motion at 1, ECF 22. Imwalle asks the Court to dismiss the ADA claim for lack of subject matter jurisdiction and to remand the state law claim "to California's state courts, where specialized procedures exist for the early evaluation and disposition of such claims." *Id.*

As an initial matter, this Court could not remand Che's state law claim even if it were to dismiss Che's ADA claim, because this action was originally filed in federal court. *See* 28 U.S.C. § 1447 (describing procedures for remand following removal from state court); *Fuse v. Arizona Bd. of Regents*, No. CV 07-2351-PHX-FJM, 2009 WL 837645, at *1 (D. Ariz. Mar. 27, 2009) ("[W]e cannot remand plaintiff's claims to state court because this action was originally filed in federal court.").

Turning to Imwalle's jurisdictional argument, Imwalle conflates the concepts of standing and mootness. "Standing and mootness are distinct issues that underlie whether the Court has jurisdiction under Article III to adjudicate a case and are separate from the merits of the claims asserted." *CRS Recovery, Inc. v. Laxton*, No. C 06-7093 CW, 2013 WL 140084, at *7 (N.D. Cal. Jan. 10, 2013). In order to have standing to bring a claim, the plaintiff must have a sufficient personal stake in the outcome of the controversy at the time the complaint is filed. *Id.* "Mootness

4

can be characterized as the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Oregon Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1116 (9th Cir. 2003) (internal quotation marks and citation omitted). Because Imwalle's jurisdictional challenge is based on the current condition of the Property rather than its condition at the time the complaint was filed, the challenge is properly characterized as one based on mootness.

In support of its mootness challenge, Imwalle submits the declaration of its retained "certified access specialist," Dwight Ashdown. Ashdown Decl. ¶ 1, ECF 22-1. Ashdown states that based on two inspections of the property conducted on March 3, 2017 and April 26, 2017 (after the complaint was filed) he has determined that the Property is "fully ADA compliant." *Id.* ¶¶ 2-4. In opposition to Imwalle's motion, Che submits the declaration of his own "certified accessibility specialist," Jihee Lee. Lee Decl. ¶ 1, ECF 39-1. Lee inspected the property on May 19, 2017 (after Ashdown's inspections) and observed a number of architectural features which did not comply with ADA standards or the California Building Code. *Id.* ¶ 3. Lee states that "[t]he Property is not fully ADA compliant." *Id.*

Resolution of Imwalle's mootness challenge is intertwined with the merits of Che's ADA claim. "[A] jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Safe Air*, 373 at 1039 (internal quotation marks and citation omitted). Accordingly, it would be inappropriate to dismiss Che's ADA claim at this stage of the proceedings.

The cases relied on by Imwalle are factually distinguishable because they did not involve conflicting evidence going to the merits of the ADA claims. *See, e.g., Langler v. Roclar Co.,* No. 14-cv-01623-ODW(AJWx), 2014 U.S. Dist. LEXIS 66488, at *4 (C.D. Cal. May 14, 2014) (granting motion to dismiss where defendants submitted evidence that plaintiff's ADA claim was mooted by property's compliance with ADA and plaintiff offered no contradictory evidence); *Vogel v. Waldorf Rest. Grp. Centinela, LLC*, No. CV 13-09420-R, 2014 U.S. Dist. LEXIS 187183, at *2 (C.D. Cal. April 11, 2014) (granting motion to dismiss ADA claim where evidence

established that the barriers alleged in the complaint had been remedied).

**IV. ORDER**

Defendant Imwalle's motion to dismiss for lack of subject matter jurisdiction is DENIED.

Dated: July 11, 2017

BETH LABSON FREEMAN
United States District Judge