**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NGOC LAM CHE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOSE/EVERGREEN COMMUNITY COLLEGE DISTRICT FOUNDATION, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-00381-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF EXTENDING MEDIATION DEADLINE, OR COMPELLING COMPLIANCE WITH GENERAL ORDER 56 ¶ 4; GRANTING PLAINTIFF'S MOTION TO EXCEED PAGE LIMITS; AND DENYING PLAINTIFF'S REQUEST FOR SANCTIONS**<br><br>[Re: ECF 43, 44, 45] |

Defendants Imwalle Properties, Inc. and San Jose Evergreen Community College District have filed an administrative motion (ECF 43) to extend the October 23, 2017 deadline for mediation based on Plaintiff Ngoc Lam Che's asserted noncompliance with General Order 56 ¶ 4. Plaintiff has filed an opposition (ECF 45) which exceeds the five-page limit set forth in Civil Local Rule 7-11(b), along with a motion for leave to exceed applicable page limits (ECF 44). In his opposition brief, Plaintiff requests that the Court sanction Defendants for failure to comply with General Order 56.

Plaintiff's Motion to Exceed Page Limits

Plaintiff's motion to exceed page limits is GRANTED, not because the motion has merit but because it would be more trouble than it is worth to strike Plaintiff's overlength brief and require Plaintiff to file a replacement brief which conforms with Civil Local Rule 7-11(b).

Plaintiff's Request for Sanctions

Plaintiff's request for sanctions violates this Court's Civil Local Rules, which require that "[a]ny motion for sanctions, regardless of the sources of authority invoked," must be separately filed and noticed for hearing. *See* Civ. L.R. 7-8. Accordingly, the request is DENIED.

Defendants' Administrative Motion

Defendants' administrative motion and Plaintiffs' opposition thereto indicate that each side believes that the other has failed to comply with the requirements of General Order 56 ¶ 4. That provision requires the parties to meet and confer regarding settlement of the action and, in particular, to discuss all claimed violations of the Americans with Disabilities Act and Defendants' willingness to take corrective action. General Order 56 ¶ 4. Defendants assert that Plaintiff has declined to "specify all claimed access violations and the corrective actions requested of defendant" as required under General Order 56 ¶ 4. Defendants request that the Court continue the October 23, 2017 mediation deadline on the ground that mediation will not be productive absent Plaintiff's identification of all claimed access violations. In opposition, Plaintiff asserts that he provided Defendants with a settlement demand which listed the claimed access violations, and that Defendants did not respond. Plaintiff contends that Defendants' administrative motion is brought solely for purposes of delay.

The Court ORDERS as follows:

(1) Plaintiff SHALL provide Defendants with a written statement, on or before August 18, 2017, which specifies "all claimed access violations and the corrective actions requested of" Defendants. General Order 56 ¶ 4. Such statement shall comply fully with General Order 56 ¶ 4.

(2) Defendants SHALL provide Plaintiff with a written statement, on or before August 25, 2017, specifying with respect to each claimed violation whether Defendants are "willing to undertake the requested corrective actions or [have] an alternate proposal." General Order 56 ¶ 4. If Defendants claim that "any proposed corrective action is not readily achievable under Title III or otherwise required by law, [Defendants] shall specify the factual basis for this claim." *Id.* Such statement shall comply fully with General Order 56 ¶ 4.

(3) The mediation deadline REMAINS October 23, 2017.

Dated: August 11, 2017

_____
BETH LABSON FREEMAN
United States District Judge

2