**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NGOC LAM CHE,<br><br>Plaintiff,<br><br>v.<br><br>SAN JOSE/EVERGREEN COMMUNITY COLLEGE DISTRICT FOUNDATION, et al.,<br><br>Defendants. | Case No. 17-cv-00381-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS; AND DIRECTING PARTIES TO FILE STIPULATED JUDGMENT OR DISMISSAL ON OR BEFORE AUGUST 31, 2018**<br><br>[Re: ECF 58] |

Plaintiff Ngoc Lam Che seeks statutory attorneys' fees and costs after settlement of his disability discrimination lawsuit against Defendants San Jose Evergreen Community College District ("District") and Imwalle Properties, Inc. ("Imwalle"). Che, who is physically disabled, claimed that he visited a business complex ("Property") owned and/or operated by Defendants at least once a week for dining and entertainment, and that the Property contained a number of illegal barriers, such as improperly sized accessible parking spaces and access aisles.

Che's motion for attorneys' fees and costs is GRANTED IN PART AND DENIED IN PART for the reasons discussed below.

**I.  BACKGROUND**

Che filed this action on January 25, 2017, asserting claims for disability discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12010 *et seq.*, and California's Unruh Civil Rights Act, Cal. Civil Code §§ 51, 52. *See* Compl., ECF 1. The District

answered the complaint and Imwalle moved to dismiss for lack of subject matter jurisdiction. *See* District Answer, ECF 16; Imwalle's Motion to Dismiss, ECF 22. Che and Imwalle then engaged in a skirmish of administrative motions, with Che seeking sanctions for Imwalle's asserted failure to comply with General Order 56 and Imwalle asking to stay the joint site inspection and discovery pending disposition of its motion to dismiss. *See* ECF 25-33. The Court initially struck Imwalle's motion to dismiss as being filed in violation of General Order 56, but it subsequently reinstated the motion and ultimately denied it. *See* Order Striking Motion to Dismiss, ECF 32; Order Granting Defendant Imwalle's Motion for Administrative Relief, ECF 34; Order Denying Defendant Imwalle's Motion to Dismiss, ECF 40. Imwalle answered in August 2017. *See* Answer, ECF 42.

In December 2017, the parties notified the Court that they had reached a conditional settlement, with the only matter remaining for determination by the Court being Che's entitlement to attorneys' fees. *See* Notice, ECF 52. On January 29, 2018, the parties filed a joint status report, advising that Che's claims had been settled for damages and costs, with the understanding that Che would file a motion for attorneys' fees. *See* Status Report, ECF 56.

Che's motion for attorneys' fees and costs was filed on February 6, 2018 and noticed for hearing on April 5, 2018. *See* Motion, ECF 58. Pursuant to a stipulated briefing schedule which was approved by the Court, any opposition was due by February 27, 2018. *See* Stipulation and Order, ECF 61. Defendants did not file an opposition by that deadline, and on March 14, 2018, Che filed a reply asserting that Defendants' failure to oppose constituted a concession to the motion. *See* Reply, ECF 62. On March 15, 2018, Defendants filed a motion to change time to oppose Che's motion for attorneys' fees and costs, explaining that "on the date Defendants' opposition was due, Defendants' counsel fell violently ill for several days, severely impacting Defense counsel's work schedule and personal life." Motion to Change Time at 1, ECF 65. Defendant simultaneously filed a substantive opposition to the motion. *See* Opposition, ECF 64. Che opposed Defendants' motion to change time, asserting among other things that permitting the late reply would deprive Che of the opportunity to file a substantive reply. *See* Opposition to Motion to Change Time, ECF 67. The Court granted Defendants' motion to change time,

1 accepting Defendants' opposition to the attorneys' fees motion, and granted Che leave to file a
2 substantive reply. *See* Order, ECF 69. Che filed a substantive reply on March 27, 2018, along
3 with a revised billing statement. *See* Substantive Reply, ECF 71. Defendants objected to the
4 submission of Che's new evidence and arguments based thereon, asking that the Court either
5 strike them or permit Defendants to file a sur-reply. *See* Objection, ECF 73. The Court overruled
6 Defendants' objection but granted Defendants leave to file a sur-reply. *See* Order, ECF 74.
7 Defendants filed a sur-reply on April 13, 2018. *See* Sur-reply, ECF 75. The Court took the
8 motion under submission without oral argument.

## II. DISCUSSION

"In a case pursued under the ADA, a court, 'in its discretion, may allow the prevailing party . . . a reasonable attorney's fee.'" *Jankey v. Poop Deck*, 537 F.3d 1122, 1129 (9th Cir. 2008) (quoting 42 U.S.C. § 12205). Such award may include "litigation expenses, and costs." 42 U.S.C. § 12205. Additionally, a prevailing plaintiff is entitled to attorneys' fees under the Unruh Act. *See* Cal. Civ. Code § 52. Defendants do not dispute that Che is a prevailing party or that Che is entitled to "a reasonable award of attorney's fees." Opp. at 1, ECF 64. The parties' dispute centers on whether the attorneys' fees requested by Che are reasonable.

In his moving papers, Che requests attorneys' fees in the amount of $38,475.00. In his substantive reply, Che requests an additional $7,387.50 incurred in litigating this attorneys' fees motion, for total requested fees in the amount of $45,862.50. Substantive Reply, ECF 71. Defendants contend that the requested fees are unreasonable, and ask the Court to award only $562.50 or, at most, $9,915.00.

### A. Lodestar Method

Courts in the Ninth Circuit determine reasonable attorneys' fees using the lodestar method. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (internal quotation marks and citation omitted). The party seeking attorneys' fees bears the burden of demonstrating that the rates requested "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill,

3

experience and reputation." *Id.* at 980.  Generally, "the relevant community is the forum in which the district court sits." *Id.* at 979.  Typically, "affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *Id.* at 980 (internal quotation marks, citation, and brackets omitted).  "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Id.* (internal quotation marks and citation omitted).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Camacho*, 523 F.3d at 978 (internal quotation marks and citation omitted).  For example, "a district court may reduce attorneys' fees by a percentage, so long as the court sets forth clear and concise reasons for adopting this approach." *Id.* at 982.  The Ninth Circuit has recognized that "percentages indeed are acceptable, and perhaps necessary, tools for district courts fashioning reasonable fee awards." *Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992).  However, the district court may not impose an arbitrary percentage reduction – the court must offer "some explanation for the precise reduction chosen." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001).

### B. Hourly Rate

Che was represented by one attorney in this matter, Pamela Tsao, who requests an hourly rate of $375.00.  Ms. Tsao obtained her law degree at the University of California Berkeley School of Law in 2009 and she was admitted to the California Bar the same year.  Tsao Decl. ¶¶ 6-7, ECF 59.  She worked as an associate at Sheppard Mullin Richter & Hampton from 2009 to 2011, focusing on civil litigation in the areas of landlord tenant rights and business contracts. *Id.* ¶ 7.  Thereafter, she worked as an associate at Katten Muchin Rosenman, LLP from 2011 to 2013, focusing on landlord tenant rights with an expertise in defense of ADA litigation. *Id.*  In 2013, Ms. Tsao started her own practice, Ascension Law Group, P.C., focusing on disability access rights. *Id.* ¶ 8.  She has been lead counsel on a number of ADA and Unruh cases. *Id.*

4

Ms. Tsao's current billing rate is $375 per hour. Tsao Decl. ¶ 9. She represents that, based on a 2013-2014 survey of consumer protection attorneys, the average rate for an attorney with 6-10 years of experience in California is $394.00 per hour. *Id.* She also submits several decisions from the Central District of California and the Alameda County Superior Court finding that her hourly rate of $375 is reasonable. *See* Tsao Reply Decl. Exhs. B, C, D, E, F, ECF 72.

Defendants do not dispute that rates in the Central District of California are comparable to rates in the Northern District of California. *See* Opp. at 5 ("Notably, the Central District of California . . . generally has rates comparable to the Northern District."), ECF 64. Nor do they dispute that prior decisions setting a rate for Ms. Tsao are particularly relevant to determining an appropriate rate here. *See* Opp. at 5 (Evidence of a reasonable rate can include "rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney."). Defendants nonetheless ask the Court to reduce Ms. Tsao's rate from $375.00 to $250.00 based on a Central District decision awarding an hourly rate of $250.00 to fifth-year associates at a respected ADA firm. *See Shedlin v. Balagot*, No. 2:14-CV-03664-CAS(JEMx), 2016 WL 2732133, at *3 (C.D. Cal. May 9, 2016). Defendants' argument is unpersuasive, as Ms. Tsao is not a fifth-year associate but rather an attorney with more than nine years of experience who founded her own ADA practice.

Accordingly, the Court finds that Ms. Tsao's hourly rate of $375 is reasonable in this case. That rate is consistent with, and actually lower than, rates granted to disability access attorneys in other ADA cases in this district. *See, e.g., Californians for Disability Rights v. California Dep't of Transp.*, No. C 06-05125 SBA MEJ, 2010 WL 8746910, (N.D. Cal. Dec. 13, 2010) (finding $560 and $535 to be reasonable hourly rates for attorneys at Disability Rights Advocates with 9 years and 7 years of experience, respectively).

**C. Hours Expended**

Che presented Ms. Tsao's billing statement with his motion for attorneys' fees and then presented a more detailed, revised billing statement with his reply brief in response to Defendants' assertion that the original billing statement reflected "block billing." *See* Tsao Decl. Exh. A, ECF 59-1; Tsao Reply Decl. Exh. A, ECF 72-1. The Court granted Defendants leave to file a sur-reply

to address any new material in Che's reply materials. The Court therefore focuses on the revised billing statement (ECF 72-1) submitted with the reply in evaluating the reasonableness of the hours expended by Ms. Tsao.

Unfortunately, Ms. Tsao's revised billing statement is organized chronologically rather than by task. The Court has organized the billings into the following categories to aid it in evaluating whether the time spent on each task or set of tasks was reasonable.

|   | Tasks | Hours Requested | Fees Requested |
|---|---|---|---|
| 1 | Pre-Compl. tasks and filing Compl. | 3.1 | 1,162.50 |
| 2 | Corresp./Conference with Client | 2.5 | 937.50 |
| 3 | Corresp./Conference with Defendants/Def Counsel | 12.6 | 4,725.00 |
| 4 | Stipulations/Administrative Motions | 28.6 | 10,725.00 |
| 5 | Motion to Dismiss | 17.3 | 6,487.50 |
| 6 | Site Inspection/Discovery | 4.6 | 1,725.00 |
| 7 | Mediation/Settlement | 21 | 7,875.00 |
| 8 | Fee Motion | 29.1 | 10,912.50 |
| 9 | Miscellaneous | 3.5 | 1,312.50 |
|   | TOTAL | 122.3 | 45,862.50 |

As an initial matter, Defendants ask the Court to limit fees to hours billed through March 7, 2017, when Defendants made a settlement offer of $5,000 and full remediation. If the Court declines to do so, Defendants ask the Court to reduce the requested fees substantially to reflect "block billing" and billing for clerical tasks. While acknowledging that Ms. Tsao's revised billing statement cures the block billing issue, Defendants challenge the accuracy of the revised billing statement, speculating that Ms. Tsao could not have accurately determined how much time was spent on each task more than a year after the fact. Even assuming the accuracy of the revised billing statement, Defendants challenge the number of hours Ms. Tsao spent on drafting the complaint (category 1), on administrative motion practice and related meet and confer with opposing counsel (categories 3 and 4), and on the current motion for attorneys' fees (category 8). Finally, although Defendants do not directly attack the fees incurred in opposing the motion to dismiss (category 5), they argue that Ms. Tsao generally overbilled her time.

### 1. Settlement Offer

Defendants assert that Che acted unreasonably in refusing a March 7, 2017 settlement

6

offer, which according to Defendants "offered $5,000 and full ADA remediation." Opp. at 6, ECF 64. Settlement negotiations may be considered by the Court in determining a reasonable fees award. *Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011). In response, Che argues that he ultimately settled for $8,145.85, and therefore that it was not unreasonable for him to reject the $5,000 offer. Substantive Reply at 4, ECF 71. Defendants contend that they would have gone as high as $6,500 to settle the case, but that Che unreasonably failed to pursue further negotiations after rejecting the $5,000 offer. Ms. Tsao states in her declaration that the $5,000 offer was made on March 14, 2017, not March 7, 2017, and that in any event Defendants stated that the offer of $5,000 was "100% non-negotiable." Tsao Reply Decl. ¶ 10, ECF 72. On this record, the Court concludes that Defendants have failed to show that Che's rejection of the $5,000 settlement offer was improper or otherwise warrants a reduction of attorneys' fees. The Court finds unpersuasive Defendants' argument that Che should have known, despite Defendants' characterization of the $5,000 as non-negotiable, that Defendants actually would have gone higher. *See* Opp. at 9, ECF 64.

### 2. Block Billing and Clerical Tasks

In their opposition, Defendants ask the Court to reduce the requested fees substantially to reflect "block billing" and billing for clerical tasks. Although Ms. Tsao's original billing statement, submitted with Che's motion, contains several block billing entries, her revised billing statement cures that defect. Defendants acknowledge that the block billing issue is resolved by the revised billing statement, but they speculate that Ms. Tsao must have estimated the breakdown of the formerly block billed tasks.

The Court accepts Ms. Tsao's declaration statement, made under penalty of perjury, that the revised billing statement accurately reflects the actual time incurred in this action. *See* Tsao Reply Decl. ¶ 3, ECF 72. Defendants' assertion that Ms. Tsao simply estimated the time spent on each task is purely speculative.

With respect to Defendants' challenge to billing for clerical tasks, Ms. Tsao billed approximately 3.5 hours out of the 122.3 hours claimed on tasks such as filing a change of address form. The Court categorized those tasks under "Miscellaneous" (category 9). Courts in this

district have declined to bill clerical tasks at attorney hourly rates, instead reducing the award for such tasks to paralegal rates. *See, e.g., Kosloff v. Washington Square Assocs., LLC*, No. C 06 05060 SI, 2007 WL 2023497, at *4 (N.D. Cal. July 12, 2007). It is unclear from this record whether and to what extent the services of a paralegal were available to Ms. Tsao. Ms. Tsao states in her declaration that she founded Ascension Law Group, P.C. in 2013. The email for the law group, as reflected on the billing statements, appears to be a direct email for Ms. Tsao, Pamela.tsao@ascensionlawgroup.com. *See* Revised Billing Statement, ECF 72-1. Accordingly, it is unclear whether any other attorneys or staff work for Ascension Law Group. It may be that Ms. Tsao was the only person available to perform the clerical tasks.

The Court agrees that clerical tasks should not be billed at attorney hourly rates. Although the Court declines to deduct all time spent on such tasks as requested by Defendants, it will reduce the hourly rate to $125 to reflect a reasonable rate for paralegal time. Thus, the requested 3.5 hours will be compensated in the total amount of $437.50.

### 3. Complaint

Defendants complain that the 3.1 hours spent by Ms. Tsao on conferring with Che and drafting a "cookie-cutter" complaint was excessive. The complaint is extremely basic. The Court therefore agrees that 3.1 hours is excessive and reduces the time spent in this category by 1 hour.

### 4. Administrative Motions and Related Meet and Confer

Defendants argue that Ms. Tsao protracted the litigation by needlessly bringing and opposing administrative motions and engaging in lengthy and unnecessary meet and confer with defense counsel. Che counters that Defendants are impermissibly seeking to exclude hours spent on motions Che lost.

"[A] plaintiff who is unsuccessful at a stage of litigation that was a necessary step to her ultimate victory is entitled to attorney's fees even for the unsuccessful stage." *Cabrales v. Cty. of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991). As the Ninth Circuit has put it, "[l]awsuits usually involve many reasonably disputed issues and a lawyer who takes on only those battles he is certain of winning is probably not serving his client vigorously enough; losing is part of winning." *Id.* Defendants contend that the Court can exclude hours spent on unreasonable

8

litigation conduct, citing *Signature Networks, Inc. v. Estefan*, No. C 03-4796 SBA, 2005 WL 1249522, at *5 (N.D. Cal. May 25, 2005). However, Defendants have not demonstrated that Che's conduct in opposing Defendants' administrative motions, and filing his own, was unreasonable.

While the Court cannot conclude on this record that Che's filings and related meet and confer efforts were unreasonable, the Court does agree that Ms. Tsao spent an excessive amount of time on stipulations and administrative motions. For example, on May 9, 2017 and May 10, 2017, Ms. Tsao spent more than 8 hours reviewing and opposing Defendant Imwalle's Motion for Administrative Relief for Extension Re: General Order 56 (ECF 28). The motion, which was 4 pages long, requested a stay of the site inspection and discovery pending a ruling on Defendant Imwalle's pending motion to dismiss for lack of subject matter jurisdiction. Che's opposition brief was 7 pages long. The issues raised by the administrative motion were not complicated and, in fact, were routine and ordinary. Under these circumstances, and given Ms. Tsao's expertise in disability access litigation, the Court would have expected it to take Ms. Tsao only a few hours to draft and file a response. *See Delson v. CYCT Mgmt. Grp., Inc.*, No. C 11-03781 MEJ, 2013 WL 1819265, at *8 (N.D. Cal. Apr. 30, 2013) ("One of the trade offs of being an expert in a specific field of law is the expectation that tasks will be completed with greater efficiency because the knowledge base and resources have already been well-established."). The same is true for the other administrative motions litigated, and stipulations filed, in this case. Accordingly, the Court reduces the 28.6 hours related to stipulations and administrative motions by 10 hours.

### 5. Motion for Attorneys' Fees and Costs

Defendants contend that Ms. Tsao spent excessive time on the present motion for attorneys' fees and costs. The Court agrees. Ms. Tsao claims 29.1 hours in connection with the motion. The Court finds those hours to be excessive given that the moving brief was 13 pages in length, the original reply brief – essentially a notice of non-opposition – was 3 pages, and the later-filed substantive reply brief was 13 pages. The motion does not present any novel or complex issues, and oral argument was vacated. Ms. Tsao spent more than 6 of the claimed hours opposing Defendants' motion to change time to permit them to file a late opposition following the

9

illness of defense counsel. No compensation is allowed for opposing Defendants' request to change time. Ordinary civility would dictate a stipulation. Given this record, the Court reduces the 29.1 hours claimed in this category by 15 hours.

### 6. Motion to Dismiss

As noted above, Defendants do not directly challenge the hours claimed for Ms. Tsao's litigation of Defendant Imwalle's motion to dismiss. However, Defendants do argue that Ms. Tsao's billings are generally excessive, and with respect to this category, the Court agrees. The motion to dismiss totaled 6 pages, with an additional 2 pages devoted to a supporting declaration. Ms. Tsao's opposition brief was 6 pages and was accompanied by a 3 page declaration. The motion was taken under submission without oral argument. Under these circumstances, the Court concludes that the 17.3 hours claimed in connection with the motion are excessive. The Court reduces the hours claimed in this category by 8 hours.

### D. Attorneys' Fees Award

In light of the above discussion, the Court finds that Che is entitled to reasonable attorneys' fees in the amount of $32,237.50, calculated as follows:

|   | Tasks | Hours Requested | Hours Awarded | Fees Awarded |
|---|---|---|---|---|
| 1 | Pre-Compl. tasks and filing Compl. | 3.1 | 2.1 | 787.50 |
| 2 | Corresp./Conf. with Client | 2.5 | 2.5 | 937.50 |
| 3 | Corresp./Conf. with Defs./Def Counsel | 12.6 | 12.6 | 4,725.00 |
| 4 | Stipulations/Administrative Motions | 28.6 | 18.6 | 6,975.00 |
| 5 | Motion to Dismiss | 17.3 | 9.3 | 3,487.50 |
| 6 | Site Inspection/Discovery | 4.6 | 4.6 | 1,725.00 |
| 7 | Mediation/Settlement | 21 | 21 | 7,875.00 |
| 8 | Fee Motion | 29.1 | 14.1 | 5,287.50 |
| 9 | Miscellaneous | 3.5 | 3.5 at $125/hr | 437.50 |
|   | TOTAL | 122.3 | 88.3 | 32,237.50 |

### III. ORDER

(1) Che's motion for attorneys' fees and costs is GRANTED IN PART AND DENIED IN PART. Che is AWARDED $32,237.50 in reasonable attorneys' fees, as well as reasonable costs as determined by the Clerk of the Court pursuant to Civil Local Rule 54; and

10

(2) The parties shall file a stipulated judgment or stipulated dismissal on or before August 31, 2018.

Dated: August 16, 2018

_____
BETH LABSON FREEMAN
United States District Judge